ROGERS, J.
 

 The relator, Steve D’Asaro, applies for writs of certiorari and prohibition to prohibit the respondent judge from trying and punishing him for contempt.
 

 Relator alleges that as the result of certain proceedings in the Civil District Court for the parish of Orleans, which he has judicially attacked, receivers were appointed for the D’Asaro Meat Market, Inc.; that, prior to such appointment, relator, as lessor, provisionally seized the property of the D’Asaro Meat Market, Inc., as lessee, contained in the premises No. 1011 Gravier Street in the city of New Orleans; that after the expiration of ten days from the seizure relator executed a forthcoming bond in the cause, and the seized property was delivered to him by the sheriff under an order of court; that the respondent judge, notwithstanding he is without jurisdiction or authority
 
 to do
 
 so, persisted in trying a rule for contempt sought by the receivers of the D’Asaro Meat Market, Inc., because relator, under advice of counsel, refused to deliver to them any of the property he was lawfully holding under, the forthcoming bond, and declared his intention to imprison relator.
 

 The. respondents, in their returns to the rule nisi issued herein, specifically deny that the respondent judge had declared his intention to send relator to prison. They show that the rule for contempt was instituted by the receivers of the Cudahy Packing Company of Louisiana, Limited, to have relator punished for his failure to deliver to them all the property and assets of the corporation, including some property and assets that are not covered by the forthcoming bond; that, when the rule for contempt was called for trial on August 20, 1931, relator read his answer, which contained, among other defenses, an exception to the right of the receivers to proceed against him for' contempt; that thereupon the respondent judge called upon the receivers’ attorney to produce his authority for the proceeding, which he did, reading to the court the decision of this court in Blaise v. Security Brewing Company, 124 La. 979, 50 So. 816; that after the decision had been read, the respondent judge inquired of relator’s attorney if he had any answer to make thereto, the reply' to the inquiry being that relator’s attorney had not had time to digest the authority; whereupon, the respondent judge, before any evidence whatever was taken on the rule for contempt, announced he would continue the matter until the next morning, namely, August 21, 1931, to enable relator’s attorney to study the authority quoted and to procure any other authority that would enable him to show the court whether or not relator could be convicted for
 
 *731
 
 contempt and sent to jail; that accordingly the case was continued, but was never tried because of the issuance of the rule nisi by this court.
 

 The case was ordered up on the specific charge in relator’s petition that the respondent judge had declared his intention of punishing relator for contempt for his failure to deliver to the receivers the property and effects which relator had caused to be provisionally seized and which he was lawfully holding by virtue of a forthcoming bond.
 

 But the respondent judge expressly denies the charge that he had declared his intention to imprison relator for contempt. He shows that the only action taken by him was to continue the proceeding in order to give relator’s attorney an opportunity of examining and commenting upon the authority read and relied upon by the receivers’ attorney, and of furnishing authorities in relator’s behalf, so that the court, might determine whether relator was amenable to the proceeding for contempt. There is nothing in the record to refute the statements of the respondent judge; hence his statements must prevail over the statements of relator and his attorney.
 

 We may say in justice to the respondent judge that the case of Blaise v. Security Brewing Company, to which he was referred by the receivers’ attorney, is authority for the proposition that interference with the possession of a' receiver, or obstruction of his attempt to exercise the right of possession, is punishable by proceedings for contempt; this on the theory that a receiver is an officer of the court, and his possession is regarded as the possession of the court. Hence it was entirely within the province of the respondent judge to call upon relator’s attorney for his views of the cited case, and to continue the contempt proceeding in order to permit relator’s attorney to examine'and to comment on the case and to produce any authorities he might be able to find applicable to the issue before the court. The judge’s action was favorable rather than unfavorable to relator.
 

 The receivers of the D’Asaro Meat Market, Inc., allege that relator is in possession of certain property and effects of the corporation which were not provisionally seized and are not covered by the forthcoming bond, and they insist upon their right to obtain possession of this property.
 

 We cannot presume that the respondent judge after hearing the parties will hold relator in contempt for failing to deliver to the receivers any property lawfully possessed by him.
 

 For the reasons assigned, the rule nisi herein issued is discharged, and relator’s application is dismissed at his costs.